WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Xochitl Enriquez,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>U.S. Collections West Incorporated, et al.,<br><br>　　　　　　　Defendants. | No. CV-15-01863-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendants Alan Zimmerman and Alan H. Zimmerman, P.C.'s (collectively "Zimmerman Defendants") motion to dismiss. (Doc. 46.) For the following reasons, the motion is granted.

## BACKGROUND

On October 12, 2009, Plaintiff Xochitl Enriquez entered into a written lease agreement with Desert Point Apartments ("DPA") for a residential apartment. (Doc. 37 at ¶ 4.) After Plaintiff abandoned the apartment, DPA sued Plaintiff for eviction and obtained a money and possession judgment against Plaintiff in the amount of $1,460.30 on July 26, 2010. (*Id.* at ¶¶ 5–8.) On August 11, 2010, DPA sent a demand letter to Plaintiff, demanding $2,251.38 in satisfaction of her lease obligation. (*Id.* at ¶ 11.)

However, on November 19, 2013, DPA assigned its judgment for collection to U.S. Collections West Incorporated ("USCW"), who then hired the Zimmerman Defendants to collect the judgment from Plaintiff. (*Id.* at ¶ 12.) On June 30, 2015, the Zimmerman Defendants renewed the judgment in the amount of $2,228.33 including

interest. (*Id.* at ¶ 14.) Subsequently, on July 21, 2015, the Zimmerman Defendants sent a demand to the Plaintiff ("the letter") requesting this amount. (*Id.* at ¶15.) The single page letter consists of three paragraphs. The letter all in capital letters using a uniform size and typeface. It is not disputed by the parties that the text of the letter states:

> PURSUANT TO A.R.S., 12-1598.03, DEMAND IS HEREBY MADE UPON YOU FOR PAYMENT OF THE JUDGMENT BALANCE OF $2,228,33 OR A PAYMENT EACH AND EVERY PAYDAY OF 25% OF YOUR NON-EXEMPT WAGES COMMENCING WITHIN FIFTEEN (15) DAYS OF THE DATE OF THIS LETTER AND CONTINUING UNTIL THE JUDGMENT BALANCE PLUS INTEREST HAS BEEN PAID IN FULL.
>
> YOU ARE FURTHER ADVISED THAT UNLESS YOU, WITHIN THIRTY (30) DAYS AFTER RECEIPT OF THIS NOTICE, DISPUTE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, WE WILL ASSUME THAT THE DEBT IS VALID.  IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN THE THIRTY DAY PERIOD THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, WE SHALL OBTAIN VERIFICATION OF THE DEBT AND A COPY OF SUCH VERIFICATION WILL BE MAILED BY US TO YOU.  IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN THIS THIRTY (30) DAY PERIOD, WE WILL PROVIDE YOU THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FOR [SIC] THE CURRENT CREDITOR.  THIS COMMUNICATION IS FROM A DEBT COLLECTOR.  THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
>
> THE LAW DOES NOT REQUIRE ME TO WAIT UNTIL THE END OF THE THIRTY DAY PERIOD, BUT ONLY THE FIFTEEN DAY PERIOD, BEFORE COMMENCING WAGE GARNISHMENT PROCEEDINGS.  IF, HOWEVER, YOU REQUEST PROOF OF THE DEBT OR THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR WITHIN THE THIRTY DAY PERIOD THAT BEGINS WITH YOUR RECEIPT OF THIS LETTER, THE LAW REQUIRES ME TO SUSPEND MY EFFORTS (THROUGH LITIGATION OR OTHERWISE) TO COLLECT THE DEBT UNTIL I MAIL THE REQUESTED INFORMATION TO YOU.

(Doc. 46-1 at 2.)

On March 22, 2016, Plaintiff filed an Amended Complaint against the Zimmerman Defendants alleging that this letter violated the requirements of the Fair Debt Collection Practices Act ("FDCPA") because the letter cited a state statute "in support of its allegation that Plaintiff was statutorily required to tender 25% of her take home pay to USCW." (Doc. 37 at ¶¶ 15, 24.). Plaintiff also alleges that the "demand letter also violated the FDCPA by overshadowing her right to dispute the alleged debt within thirty

days from receipt of the letter" by suggesting that Defendants would begin garnishment proceedings within fifteen days if she had not otherwise agreed to pay the debt in its entirety or pay installments thereon.   (*Id.* at ¶¶ 16, 24.)

Neither of these assertions withstands Defendants' motion to dismiss.

## DISCUSSION

### I. Legal Standard

The Parties have submitted a copy of the letter upon which Plaintiff bases her claim without dispute.  And whether the text of a demand letter violates the FDCPA is a question of law for the court.  *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1997). A communication from a creditor to a debtor violates the FDCPA if the communication was "likely to deceive or mislead a hypothetical 'least sophisticated debtor.'"  *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996) (quoting *Swanson v. S. Or. Credit Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988)).  "The objective least sophisticated debtor standard is 'lower than simply examining whether particular language would deceive or mislead a reasonable debtor.'"  *Terran*, 109 F.3d at 1432–33 (quoting *Swanson*, 869 F.2d at 1227).  Rather, notice must be effectively conveyed to a debtor, large enough to be easily read, and not overshadowed or contradicted by other messages from the debt collectors.  *Id.*

### II. Analysis

The validation provisions of the FDCPA require that the Plaintiff have thirty days in which to contest a debt.  However, the FDCPA explicitly authorizes creditors to continue debt collection activity during this thirty day period.  15 U.S.C. § 1692g(b) ("Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period . . . ."); *see also Sims v. GC Servs. L.P.*, 445 F.3d 959, 965 (7th Cir. 2006).[1]

---

[1] The Zimmerman Defendants claim that as subsequent debt collectors they were not required by the FDCPA to give Plaintiff a validation notice at all.  After this motion was briefed, the Ninth Circuit held otherwise, finding that "Congress's intent to require *each* debt collector to send a validation notice with its initial communication is clear from the

Plaintiff provides no argument or authority to suggest that Defendants could not undertake the state statutory prerequisites to garnishment during the thirty day statutory period. Plaintiff does argue, however, that when the Defendants informed her that they intended to begin garnishment proceedings within fifteen days of their notice, they "overshadowed" Plaintiff's right to have thirty days in which to contest the debt. But that argument is not persuasive. To accept that argument would rebalance the statutory rights of creditors and debtors in a way that would contradict the balance struck in the statute.

Further, the letter does not misdescribe the rights of the Plaintiff. As the letter clearly explains, even had the Zimmerman Defendants begun garnishment proceedings prior to the expiration of the thirty day period, they would have had to halt them if Plaintiff timely contested the debt.

> IF, HOWEVER, YOU REQUEST PROOF OF THE DEBT OR THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR WITHIN THE THIRTY DAY PERIOD THAT BEGINS WITH YOUR RECEIPT OF THIS LETTER, THE LAW REQUIRES ME TO SUSPEND MY EFFORTS (THROUGH LITIGATION OR OTHERWISE) TO COLLECT THE DEBT UNTIL I MAIL THE REQUESTED INFORMATION TO YOU.

(Doc. 46-1 at 2.) This is an accurate statement of the Plaintiff's rights and the Defendants' obligations under the law.

The letter further provided "transitional language that referred the addressee to the validation notice" in a way that "effectively inform[ed] [the] consumer as to . . . her rights under the FDCPA without imposing an undue burden on a debt collector's legitimate efforts to obtain the prompt payment of debts." *Savino v. Comput. Credit, Inc.,* 164 F.3d 81, 86 (2d Cir. 1988). The letter's language is closely akin if not almost identical to the "safe harbor" language set forth by the Seventh Circuit in *Bartlett v. Heibl,* 128 F.3d 497, 501–02 (7th Cir. 1997). And, even acknowledging that such "safe

---

statutory text*." Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1079 (9th Cir. 2016) (emphasis added). Thus, the Court decides the Motion based on Defendants' assertion that it complied with all relevant validation requirements of the statute to the extent those arguments were controverted by the Plaintiff.

harbor" precedent is not binding on this Court, the language in this circumstance nevertheless accurately and fairly describes the nature of Plaintiff's notice rights to the Plaintiff. As such it does not violate the least sophisticated consumer standard which still "preserv[es] a quotient of reasonableness and presume[s] a basic level of understanding and willingness to read with care." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011) (quoting *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008)). Because the provisions of the letter that explained the verification provisions were in no way overshadowed either in format or in substance in the letter, Plaintiff's argument that the letter "overshadowed" her verification rights under the FDCPA is without merit.

Further, as the disputed letter suggests, state law requires the Defendant to make a demand on the Plaintiff for payment or payments before it could seek to garnish her wages. A.R.S. § 12-1598.03. Plaintiff's Amended Complaint asserts that the letter cites the Arizona statue "in support of its allegation that Plaintiff was statutorily required to tender 25% of her take home pay to USCW." (Doc. 37 at ¶¶ 15, 24.). But literally read, as the Plaintiff apparently concedes, the letter does not so state. Nor does the letter demand that payment be made "immediately." Instead it demands payment to be made in the full amount of $2,228.33 or spread out over a period of time with 25% of Plaintiff's nonexempt wages going to the Zimmerman Defendants until the debt is paid off. A.R.S. § 12-1598.03 specifically requires a demand for payment in full or periodic payments of the debtor's non-exempt wages before a creditor can pursue garnishment.

Plaintiff asserts that the wording of the sentence might nevertheless be confusing to a "least sophisticated debtor," and that such a debtor might interpret the sentence's citation of the statute for a purpose other than identifying the state law with which Defendants were complying by making the demand for payment—such as an interpretation that the statute required immediate payment or payment of 25% of non-exempt wages. Nevertheless, the least sophisticated debtor standard is still an objective standard. Pulling out hypotheticals as to how some unsophisticated debtor might

interpret the statute does not necessarily meet the objective standard especially when it does not accurately account for the text of the statement itself.  The least sophisticated debtor standard "does not subject debt collectors to liability for 'bizarre,' 'idiosyncratic,' or 'peculiar' misinterpretations."  *Gonzales*, 660 F.3d at 1062 (quoting *Rosenau*, 539 F.3d at 221).  Defendants, after all, are required to comply with the terms of the Arizona statute to implement garnishment, and are not required to wait thirty days before doing so.  In the absence of identifying with some specificity how the Defendants' statements either constituted an actual misstatement of the law, or a statement that was sufficiently confusing so the least sophisticated consumer would misinterpret the statute in an identifiable way, Plaintiffs have not met their burden.

Even assuming that the sentence was an actual misstatement or that it would likely be misinterpreted by the least sophisticated debtor to be so, the Plaintiff would still have to demonstrate that such a statement is material.  "[F]alse but non-material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under § [] 1692e."  *Donohue v. Quick Collect, Inc.,* 592 F.3d 1027, 1033 (9th Cir. 2010).  The Plaintiff has failed to demonstrate to this Court's satisfaction any specific misinterpretation amounting to a misstatement that the least sophisticated debtor would likely make with respect to this sentence.  Even had she done so, there are no allegations in the complaint that such a hypothetical misinterpretation by a least sophisticated debtor would be material.[2]

///

///

///

///

///

---

[2] Further, Plaintiff has not made sufficient allegations of fact to suggest that any such a misinterpretation on her part would give rise to any concrete injury sufficient to grant her standing pursuant to *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016), which was decided after the motion to dismiss was submitted.

**IT IS THEREFORE ORDERED** that Defendants' motion to dismiss (Doc. 46) pursuant to Rule 12(b)(6) is **GRANTED**. The Clerk of Court is directed to enter judgment accordingly.

Dated this 15th day of December, 2016.

*[signature]*
Honorable G. Murray Snow
United States District Judge